2014 OK 106

**TRINITY BAPTIST CHURCH,**
**Plaintiff/Appellant,**

v.

**BROTHERHOOD MUTUAL**
**INSURANCE SERVICES,**
**LLC, Defendant,**

and

**Sooner Claims Services, Inc.,**
**Defendant/Appellee.**

No. 113,072.

Supreme Court of Oklahoma.

Dec. 9, 2014.

---

Ryan M. Oldfield, Oldfield & Buergler, P.L.L.C., Oklahoma City, Oklahoma, for Plaintiff/Appellant.

John Wiggins, Wiggins, Sewell & Ogletree, P.C., Oklahoma City, Oklahoma, for Plaintiff/Appellant.

George W. Dahnke, Abowitz, Timberlake & Dahnke, P.C., Oklahoma City, Oklahoma, for Defendant/Appellee.

COMBS, J.:

¶1 The primary issues presented on appeal are: 1) whether a special relationship existed between an insured entity and an independent adjuster hired by the insurer, sufficient to subject the independent adjuster to the implied covenant of good faith and fair dealing arising under the insurance contract; and 2) whether an independent insurance adjuster owes a legal duty to the insured such that it may be liable to the insured for negligence in its adjustment of the claim. This Court determines the answer to both questions is no.

## I.

### FACTS AND PROCEDURAL HISTORY

¶2 Trinity Baptist Church (Trinity) purchased an insurance policy for its property from Brotherhood Mutual Insurance Company (Brotherhood)[1], effective (as amended) from July 1, 2009, through July 1, 2010. On December 24, 2009, a powerful winter storm struck the Oklahoma City area, which Trinity alleged resulted in significant damage to its church property due to accumulation of snow and ice on its sanctuary building. Trinity filed a claim with Brotherhood on or about January 12, 2010, asserting damage caused by the storm.

¶3 On January 15, 2010, Brotherhood retained Sooner Claims Services, Inc. (Sooner), as an independent adjuster to investigate Trinity's claim, pursuant to the provisions of

---

1. Trinity also named Brotherhood Mutual Insurance Services, LLC as a defendant, before dismissing it without prejudice early on in proceedings at the trial court level. Regardless, neither Brotherhood Mutual entity is a party to this appeal, and "Brotherhood" is used for convenience to refer to Trinity's insurer.

a Limited Assignment sent to Sooner on the same day. The Limited Assignment provided, among other things, that Sooner was: 1) not to make coverage commitments to the insured; 2) not to send written correspondence to the insured except as necessary to confirm appointments, collect necessary documentation, or provide a complete estimate; 3) to personally inspect the losses; and 4) provide a descriptive report to if a loss was possibly not covered so that a Brotherhood adjuster could make a coverage determination.

¶ 4 Trinity disputes that Sooner stuck entirely to the terms of its Limited Assignment over the course of its investigation, arguing that Sooner's representative made coverage recommendations to Brotherhood in contravention of the Limited Assignment.[2] Regardless, Trinity agreed that Sooner had no authority to make coverage determinations to it. Trinity also agreed that Sooner's evaluations and estimates of damages were submitted directly to Brotherhood and it was Brotherhood that determined what documentation generated by Sooner would be provided to Trinity. Trinity also agreed that Sooner's services were charged at Sooner's customary hourly rate and that Brotherhood reimbursed Sooner for its expenses.

¶ 5 After a lengthy investigation and claims process, that came to involve several other contractors and entities not party to the lawsuit, Trinity eventually filed suit in the District Court of Oklahoma County on February 18, 2011. In its First Amended Petition, filed on March 9, 2011, Trinity asserted bad faith and breach of contract claims against Brotherhood for its handling and investigation of Trinity's claim. Trinity also alleged bad faith and negligence on the part of Sooner Claims, alleging that Sooner: 1) assigned an adjuster to Trinity's claim when it knew or should have known that the adjuster was inadequately skilled for adjusting Trinity's type of commercial loss; 2) allowed its adjuster to drag out adjustment for over one year; 3) allowed its adjuster to "low ball" Trinity's loss on more than one occasion only to increase the covered loss when Trinity objected and hired third-parties; and 4) allowed its adjuster to engage in inadequate and incomplete adjustment of Trinity's loss, to Trinity's detriment.

¶ 6 After discovery and other proceedings in the trial court, Sooner filed two motions for summary judgment. In its First Motion for Summary Judgment, filed on January 14, 2014, Sooner argued that it was entitled to judgment as a matter of law because it owed no duty to Trinity that would subject it to liability for bad faith or negligent adjustment of Trinity's claim. Sooner also filed a Motion for Partial Summary Judgment on the Issue of Damages on January 21, 2014, arguing: 1) as a corporation, Trinity could not maintain a claim for emotional damages; and 2) Trinity could not establish any damages suffered as a result of any act or omission of Sooner or its adjuster Steve Hall.

¶ 7 The trial court entered summary judgment for Sooner on August 4, 2014. The trial court: 1) sustained Sooner's First Motion for Summary Judgment to the extent Trinity was attempting to maintain a claim against Sooner for bad faith; 2) denied Sooner's First Motion for Summary Judgment with respect to Trinity's claim of gross negligence; 3) Sustained Sooner's Motion for Partial Summary Judgment on the Issue of Damages; and 4) dismissed all claims asserted by Trinity against Sooner with prejudice.

¶ 8 Trinity filed its Petition in Error on July 25, 2014.[3] Sooner filed a Counter–Petition in Error on August 14, 2014, to address the trial court's denial of its First Motion for Summary Judgment with respect to Trinity's claim of gross negligence. Trinity filed a

---

2. This argument appears flawed, given that the express terms of the Limited Assignment indicate Sooner was not supposed to make coverage determinations to the **insured**. If a loss was possibly not covered, Sooner was in fact obligated under the express terms of the assignment to provide a descriptive report to Brotherhood so it could make a coverage determination. The deposition taken from Steven Hall clearly indicates he gave his opinion to Brotherhood, Sooner's client, when he was asked for it.

3. On August 1, 2014, this Court ordered Trinity to file an amended petition in error, with the trial court's order granting summary judgment attached as Exhibit A. Trinity filed its Amended Petition in Error on August 8, 2014.

motion to retain its appeal for disposition by this Court on July 25, 2014. We granted Trinity's motion to retain on August 15, 2014, and the cause as assigned to this office on August 19, 2014.

## II.

### Standard of Review

¶ 9 A moving party is entitled to summary judgment as a matter of law only when the pleadings, affidavits, depositions, admissions or other evidentiary materials establish no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Miller v. David Grace, Inc.,* 2009 OK 49, ¶ 10, 212 P.3d 1223; *Wathor v. Mutual Assurance Administrators,* 2004 OK 2, ¶ 4, 87 P.3d 559. In reviewing the grant or denial of summary judgment, this Court views all inferences and conclusions to be drawn from the evidentiary materials in a light most favorable to the nonmoving party. *Miller,* 2009 OK 49, ¶ 10, 212 P.3d 1223; *Wathor,* 2004 OK 2, ¶ 4, 87 P.3d 559. Because a grant of summary judgment is purely a legal issue, this Court's standard of review on appeal is *de novo.* *Miller,* 2009 OK 49, ¶ 10, 212 P.3d 1223; *Carmichael v. Beller,* 1996 OK 48, ¶ 2, 914 P.2d 1051.

## III.

### Sooner did not Owe Trinity a Duty of Good Faith and Fair Dealing Because it was a Stranger to the Insurance Contract and no Special Relationship Existed Between it and Trinity.

¶ 10 The trial court sustained in part and denied in part Sooner's First Motion for Summary Judgment alleging that Sooner owed no legal duty to Trinity. The trial court sustained Sooner's motion to the extent that Trinity was attempting to maintain a claim against Sooner for bad faith. On appeal, Trinity contends the trial court erred because under certain circumstances an independent adjuster may owe a duty of good faith and fair dealing to individuals insured by its client. Sooner asserts it owed no duty of good faith and fair dealing to Trinity. We agree.

### A. The general rule in Oklahoma is that only the insurer owes a duty of good faith and fair dealing to its insured.

¶ 11 Oklahoma law recognizes an implied duty on the part of an insurer to deal fairly and act in good with regard to its insured. *Timmons v. Royal Globe Ins. Co.,* 1982 OK 97, ¶ 12, 653 P.2d 907; *Christian v. American Home Assur. Co.,* 1977 OK 141, ¶ 25, 577 P.2d 899. In *Timmons,* this Court examined whether this duty might be extended to cover individuals who were not a party to the contract between the insurer and the insured, and determined that it could not. 1982 OK 97, ¶¶ 16–17, 653 P.2d 907. Citing precedent from California on which this Court's recognition of the implied covenant of good faith and fair dealing was originally based, this Court in *Timmons* determined that as non-insurer defendants were not parties to the agreement for insurance, they could not be subject to an implied duty of good faith and fair dealing:

> In *Christian, supra,* this Court analyzed and quoted at length from *Gruenberg v. Aetna Ins. Co.,* 9 Cal.3d 566, 108 Cal.Rptr. 480, 510 P.2d 1032 (1973). Therein this Court termed *Gruenberg, supra,* to be a "clear analysis" of the implied duty of fair dealing and good faith [577 P.2d] at p. 904. *Gruenberg, supra,* itself specifically examined the liability of an agent for damages for violation of the implied covenant of fair dealing and good faith inuring in a contract of insurance:
>
> > "Obviously, the non insurer defendants were not parties to the agreement for insurance; therefore, they are not, as such, subject to an implied duty of good faith and fair dealing...."
>
> Later the California Court dealt with this precise issue, *Egan v. Mutual of Omaha Ins. Co.,* 24 Cal.3d .809, 620 P.2d 141, 169 Cal.Rptr. 691 (1979), holding at 620 P.2d [at] p. 149, 169 Cal.Rptr. [at] p. 699:
>
> > "Segal and McEachen acted as Mutual's agents. As such they are not parties to the insurance contract and not subject to the implied covenant. Because the only ground for imposing liability on either

Segal or McEachen is breach of that promise, the judgments against them as individuals cannot stand."

As this jurisdiction has embraced the implied covenant spoken to in *Gruenberg, supra,* it is clear that the cause will not lie against a stranger to the contract. *Timmons,* 1982 OK 97, ¶ 17, 653 P.2d 907 (emphasis added).

### B. An exception to the general rule exists when a non-party to the insurance contract acts sufficiently like an insurer so that a special relationship can be said to exist between the third-party and the insured.

■ ¶ 12 While the general rule is that the implied covenant of good faith and fair dealing will not lie against third parties who are strangers to the insurance contract, there are exceptions to the rule. *See Badillo v. Mid Century Ins. Co.,* 2005 OK 48, 121 P.3d 1080; *Wathor v. Mutual Assurance Administrators, Inc.,* 2004 OK 2, 87 P.3d 559; *Wolf v. Prudential Ins. Co. of America,* 50 F.3d 793 (10th Cir.1995). In *Wolf v. Prudential Ins. Co. of America,* the United States Court of Appeals for the Tenth Circuit determined that *Timmons* should not be dispositive in situations involving third party entities, such as a plan administrator, with far more involvement in the insurance process than the agent of the insurer in *Timmons. Wolf,* 50 F.3d at 797. Rather, the Tenth Circuit determined that lack of contractual privity alone was not a total bar, and "the analysis should focus more on the factual question of whether the administrator acts like an insurer such that there is a 'special relationship' between the administrator and insured that could give rise to a duty of good faith." *Wolf,* 50 F.3d at 797.

¶ 13 The *Wolf* court noted that the plan administrator in that cause had a high degree of involvement with the insured and control over matters covered by the insurance contract. 50 F.3d at 797–98. Specifically, the administrator: 1) investigated and serviced claims; 2) had primary control over benefit determinations (including intermediate appeals); 3) received a percentage of the premiums paid for participant coverage,

which increased as losses decreased; and 4) assumed much of the risk for its determinations. *Wolf,* 50 F.3d at 798. The court concluded the administrator

looks much like an insurer.... We therefore do not see Prudential as a "stranger" to the insurance contracts in this case. It was contractually obligated to administer the plans, and its contractual obligation directly benefitted plaintiffs as third-party beneficiaries of its agreements with the Annuity Board. The contractual obligation combines with the fact that Prudential's benefit determinations could at least indirectly affect its profits and losses to create a special relationship between Prudential and plaintiffs. In other words, on the facts as presented by plaintiffs, Prudential had the power, motive and opportunity to act unscrupulously.

*Wolf,* 50 F.3d at 798.

¶ 14 This Court considered the *Wolf* decision in *Wathor v. Mutual Assurance Administrators, Inc.,* 2004 OK 2, 87 P.3d 559. This Court agreed with the basic premise of *Wolf* and noted that the imposition of a nondelegable duty on the insurer does not necessarily preclude an action by an insured against a plan administrator for breach of an insurer's duty of good faith. *Wathor,* 2004 OK 2, ¶ 9, 87 P.3d 559. This Court determined:

In a situation where a plan administrator performs many of the tasks of an insurance company, has a compensation package that is contingent on the approval or denial of claims, and bears some of the financial risk of loss for the claims, the administrator has a duty of good faith and fair dealing to the insured.

*Wathor,* 2004 OK 2, ¶ 12, 87 P.3d 559. However, applying the rule of *Wolf* to the specific facts of *Wathor,* we determined that the third-party administrator in *Wathor* was not so entangled with the insured so as to create a special relationship that would subject them to the duty of good faith and fair dealing. *Wathor,* 2004 OK 2, ¶ 13, 87 P.3d 559. Specifically, this Court determined:

[l]ike the plan administrator in *Wolf,* MAA unquestionably performed some of the tasks of an insurance company in its claims handling process. However, in contrast to

the facts in *Wolf,* MAA's compensation package was not tied to the approval or denial of claims but was instead a flat fee based on the number of participants in the Plan. Likewise, MAA did not share the risk of loss with the Plan if losses increased to a certain level, and did not underwrite the entire risk if losses got even higher. In other words, under the facts presented in this case, MAA had neither the power, the motive, nor the opportunity to act unscrupulously.

*Wathor,* 2004 OK 2, ¶ 13, 87 P.3d 559.

¶ 15 In *Badillo v. Mid Century Insurance Co.,* 2005 OK 48, 121 P.3d 1080, this Court reached the opposite conclusion and determined that a third party did owe the insured a duty of good faith and fair dealing. That cause involved two affiliated companies under the umbrella of the Farmers Insurance Group that were so similar as to be nearly indistinguishable, though they nominally had separate functions. *See Badillo,* 2005 OK 48, ¶¶ 5, 53–55, 121 P.3d 1080. The trial court treated the two entities as one for purposes of liability and ruled as a matter of law that they both owed the insured a duty of good faith and fair dealing. *Badillo,* 2005 OK 48, ¶ 54, 121 P.3d 1080. This Court determined the trial court committed no error by treating the entities as indistinguishable for purposes of the implied duty of good faith and fair dealing, noting:

> [w]e believe no reasonable person viewing the evidence, and the reasonable infer-

ences therefrom, could conclude anything other than FIE acted as if it was the insurer in its handling of the Smith claim and that it had a special relationship with insured such that it, like MCIC, was subject to the duty of good faith and fair dealing toward him.

*Badillo,* 2005 OK 48, ¶ 55, 121 P.3d 1080.[4]

## C. Sooner did not owe Trinity a duty of good faith and fair dealing as a third-party insurance adjuster because it did not act sufficiently like an insurer so as to create a special relationship with Trinity.

¶ 16 *Wolf, Wathor,* and *Badillo* all stand for the proposition that this Court will only apply the duty of good faith and fair dealing to a third party stranger to the insurance contract when the third party acts so like an insurer that it develops a special relationship with the insured, *Badillo,* 2005 OK 48, ¶ 5, 121 P.3d 1080, essentially giving the third party the power, motive, and opportunity to act unscrupulously. *Wathor,* 2004 OK 2, ¶ 13, 87 P.3d 559.

¶ 17 In its response to Sooner's motion for summary judgment, Trinity argued that such a special relationship did exist, because it alleged Sooner was asked to do more by Brotherhood than some insurers require from their independent adjusters, including giving advice to Brotherhood on coverage determinations recommending the setting of reserves.[5] However, as this Court

---

4. The Court in *Badillo* also noted that whether the duty of good faith and fair dealing is applicable to a non-party to the insurance contract need not always be a question of fact for a jury to decide:

> [w]here only one inference can reasonably be drawn from the evidence as to a material issue relating to a party's claim or defense, it is not error for a trial court to remove said issue from the jury's consideration and to direct a verdict thereon. *See Agee v. Gant,* 1966 OK 31, 412 P.2d 155, 156 (Third Syllabus by the Court)(question of negligence or no negligence is one of law for court where but one inference can reasonably be drawn from the evidence as to said issue). **Nor is the question of whether an entity other than the named insurer on the applicable insurance policy may or may not be subject to the duty of good faith and fair dealing toward an insured always a question of fact for jury consideration.** *See Wathor*

(affirming summary judgment in favor of third-party administrator for a self-funded county health insurance program based on determination the undisputed facts presented entitled said administrator to judgment as a matter of law, as it could not be deemed to have sufficiently acted like an insurer to fasten a special relationship between it and the insured that would give rise to a duty of good faith and fair dealing on the part of the administrator toward the insured).

2005 OK 48, ¶ 55, 121 P.3d 1080 (emphasis added).

5. Trinity also alleged general collusion between Brotherhood and Sooner to manipulate estimates and bring down the cost of repairs, but these allegations are essentially a restatement of Trinity's claims that Sooner acted in bad faith, rather than effective indications that Sooner acted sufficiently like an insurer to create a special relationship with Trinity.

stated in *Wathor*, merely performing some of the tasks of an insurance company in the claims handling process is not sufficient to subject a third party to the duty of good faith and fair dealing.[6] Sooner was not a plan administrator with primary control over benefit determinations and intermediate appeals. *See Wathor*, 2004 OK 2, ¶ 10, 87 P.3d 559; *Wolf*, 50 F.3d at 797–98. Sooner's compensation was not tied to premiums paid, nor did it increase or decrease in relation to losses, and Sooner did not share the risk with Brotherhood. *See Wathor*, 2004 OK 2, ¶ 10, 87 P.3d 559.

¶ 18 Trinity confuses the nature of the "special relationship" standard elucidated in this Court's prior cases. For a non-party to the insurance contract to be subjected to the duty of good faith and fair dealing, a special relationship must arise between it and the **insured**. While Trinity alleges that Sooner may have gone beyond the terms of its Limited Assignment, it is evident from the record that Sooner did not step into Brotherhood's shoes for purposes of interacting with Trinity such that it developed a special relationship with Trinity on par with that shared by parties to an insurance contract.

¶ 19 Sooner's authority with regard to Trinity was limited, and the facts of this case are distinguishable from situations involving administrators where the line dividing who is a third party and who is the insurer has blurred. All of Trinity's allegations and the available record indicate that the scope of Sooner's responsibilities may have been enlarged with respect to what Brotherhood asked Sooner to do for it, not with regard to Sooner's relationship with Trinity. Reviewing all inferences and conclusions to be drawn from the underlying and uncontested facts in a light most favorable to Trinity, Sooner was entitled to summary judgment as a matter of law on the grounds that it owed no duty of good faith and fair dealing to Trinity.

## IV.

## Sooner Owed No Duty to Trinity Concerning its Adjustment of Trinity's Claim

¶ 20 The trial court denied Sooner's First Motion for Summary Judgment with respect to Trinity's claim of gross negligence against Sooner. In its Counter–Petition in Error, Sooner asserts the trial court erred by denying in part its First Motion for Summary Judgment and asserts it owed no duty to Trinity that would subject it to a claim of gross negligence for the manner in which it investigated and adjusted Trinity's claim. Whether an insured party can maintain a separate tort action for negligence against an independent insurance adjuster employed by the insurer is an issue of first impression for this Court.

¶ 21 The threshold question in any action for negligence is the existence of a duty. *Wood v. Mercedes–Benz of Oklahoma City*, 2014 OK 68, ¶ 7, 336 P.3d 457; *Miller v. David Grace, Inc.*, 2009 OK 49, ¶ 11, 212 P.3d 1223; *Bray v. St. John Health Sys., Inc.*, 2008 OK 51, ¶ 6, 187 P.3d 721. The existence of a legal duty is a question of law for the court. *Wood*, 2014 OK 68, ¶ 7, 336 P.3d 457; *Miller*, 2009 OK 49, ¶ 11, 212 P.3d 1223. Where the defendant did not owe a duty of care to the plaintiff, there can be no liability for negligence as a matter of law. *Lowery v. Echostar Satellite Corp.*, 2007 OK 38, ¶ 12, 160 P.3d 959; *First Nat'l Bank in Durant v. Honey Creek Entertainment Corp.*, 2002 OK 11, ¶ 20, 54 P.3d 100.

¶ 22 A legal duty is an expression of the sum total of those considerations of policy which lead the law to say that the

---

**6.** This Court stated in *Wathor*:

> Like the plan administrator in *Wolf*, **MAA unquestionably performed some of the tasks of an insurance company in its claims handling process.** However, in contrast to the facts in *Wolf*, MAA's compensation package was not tied to the approval or denial of claims but was instead a flat fee based on the number of participants in the Plan. Likewise, MAA did not share the risk of loss with the Plan if losses increased to a certain level, and did not underwrite the entire risk if losses got even higher. In other words, under the facts presented in this case, MAA had neither the power, the motive, nor the opportunity to act unscrupulously.

> 2004 OK 2, ¶ 13, 87 P.3d 559 (emphasis added).

particular plaintiff is entitled to protection. *Iglehart v. Bd. of County Com'rs of Rogers County*, 2002 OK 76, n. 17, 60 P.3d 497. While the question of duty is usually presented in terms of a particular actor's obligation, this Court has previously noted that the essential question is whether the plaintiff's interests are entitled to protection against the defendant's conduct. *Morales v. City of Oklahoma City ex rel. Oklahoma City Police Dept.*, 2010 OK 9, 230 P.3d 869; *Wofford v. Eastern State Hosp.*, 1990 OK 77, ¶ 10, 795 P.2d 516. The foreseeability of harm to the potential plaintiffs as a result of an individual's conduct is one of the most important considerations used to determine the existence of a legal duty. *Morales*, 2010 OK 9, ¶ 21, 230 P.3d 869; *Iglehart*, 2002 OK 76, ¶ 10, 60 P.3d 497. However, foreseeability is just one of many factors that this Court considers and other factors include: 1) the degree of certainty of harm to the plaintiff; 2) the moral blame attached to defendant's conduct; 3) the need to prevent future harm; 4) the extent of the burden to the defendant and consequences to the community of imposing the duty on defendant; and 5) availability of insurance for the risk involved. *Morales*, 2010 OK 9, n. 32, 230 P.3d 869; *Lowery*, 2007 OK 38, n. 4, 160 P.3d 959.

¶ 23 A majority of courts in other states have held that an insured cannot maintain a separate tort action for negligence against an independent insurance adjuster hired by the insurer because the independent adjuster owes the insured no duty of care.[7] A minority of state courts take the opposite position and have determined that in similar factual circumstances an independent adjuster does owe a duty of care to the insured to not be negligent in its investigation or adjustment of the claim.[8]

A. **In *Brown v. State Farm and Casualty Company*, 2002 OK CIV APP 107, 58 P.3d 217, the Court of Civil Appeals adopted the minority view that an independent insurance adjuster hired by an insurer may owe a duty of care to the insured.**

¶ 24 Trinity encourages this Court to adopt the minority viewpoint that an independent insurance adjuster hired by the insurer may owe a duty of care to the insured, and relies heavily upon a decision by the Oklahoma Court of Civil Appeals, Division III: *Brown v. State Farm and Casualty Company*, 2002 OK CIV APP 107, 58 P.3d 217 (cert. denied Oct. 15, 2002).[9] In that cause, the Court of Civil Appeals adopted the view of a minority of courts in other states that independent

7. *See, e.g., Akpan v. Farmers Ins. Exchange, Inc.*, 961 So.2d 865 (Ala.Civ.App.2007) (determining independent adjuster hired by insurer owed no duty to insureds and could not be held liable on negligence theory); *Hamill v. Pawtucket Mut. Ins. Co.*, 2005 VT 133, 892 A.2d 226 (holding independent adjusters owed no duty to insured and were not liable for negligent handling of insurance claim); *Charleston Dry Cleaners & Laundry, Inc. v. Zurich American Ins. Co.*, 355 S.C. 614, 586 S.E.2d 586 (S.C.2003) (independent insurance adjuster owes to insured no general duty of care); *Meineke v. GAB Business Services, Inc.* 195 Ariz. 564, 991 P.2d 267 (Ariz. Ct.App.2000) (determining relationship between adjuster and insured is sufficiently attenuated by the insurer's control over the adjuster that adjuster owes no legal duty to insureds and is not subject to negligence liability); *Sanchez v. Lindsey Morden Claims Services, Inc.*, 72 Cal.App.4th 249, 84 Cal.Rptr.2d 799 (Cal.Ct.App.1999) (holding that policy concerns as well as the general law of agency militate against imposing a duty of care owed by insurer-retained adjusters to insureds); *Dear v. Scottsdale Ins. Co.*, 947 S.W.2d 908 (Tex.App.1997) (holding that insured may not maintain negligence action against adjuster because adjuster's duties are contractual ones owed solely to insurer) (disapproved on other grounds by *Apex Towing Co. v. Tolin*, 41 S.W.3d 118 (Tex.2001)); *King v. Nat'l Security Fire and Casualty Co.*, 656 So.2d 1338 (Fla.Dist.Ct.App. 1995) (holding that insured may not bring simple negligence action against independent insurance adjuster because adjuster's duty arises out of the underlying contract between adjuster and insurer and is owed to insurer only).

8. *See, e.g., Morvay v. Hanover Ins. Co.*, 127 N.H. 723, 506 A.2d 333 (1986) (independent agents hired by insurer owed a duty to both insurer and insured to conduct a fair and reasonable investigation); *Continental Ins. Co. v. Bayless and Roberts, Inc.*, 608 P.2d 281 (Alaska 1980) (holding insurance adjuster could be liable in negligence directly to insured for failure to adequately investigate wrongful death claim).

9. Opinions released for publication by order of the Court of Civil Appeals, are persuasive only, and lack precedential effect. *Hollaway v. UNUM Life Ins. Co. of America*, 2003 OK 90, n. 6, 89 P.3d 1022.

insurance investigators owe a duty to the insured as well as the insurer to conduct a fair and reasonable investigation of an insurance claim. *Brown*, 2002 OK CIV APP 107, ¶ 19, 58 P.3d 217.

¶ 25 The court in *Brown* examined prior decisions of this Court addressing the existence of a duty in negligence actions:

> ¶ 7 "Oklahoma courts have recognized that the existence of a duty depends on the relationship between the parties and the general risks involved in the common undertaking." *Wofford*, ¶ 10, 795 P.2d at 519. "Duty of care is not a concept that arises only by statute.... Whenever a person is placed in such a position with regard to another that it is obvious that if he did not use due care in his own conduct he will cause injury to the other, the duty at once arises to exercise care commensurate with the situation in order to avoid such injury." *Id.*, citing *Union Bank of Tucson v. Griffin*, 1989 OK 47, ¶ 13, 771 P.2d 219, 222.
>
> ¶ 8 The most important consideration in establishing duty is foreseeability. *Wofford*, ¶ 11, 795 P.2d at 519. "As a general rule, 'a defendant owes a duty of care to all persons who are foreseeably endangered by his conduct with respect to all risks which make the conduct unreasonably dangerous.'" *Id.*, citing *Tarasoff v. Regents of*

*Univ. of Cal.*, 17 Cal.3d 425, 131 Cal.Rptr. 14, 22, 551 P.2d 334, 342 (1976). "Foreseeability as an element of duty establishes a 'zone of risk', that is, whether the conduct 'creates a generalized and foreseeable risk of harming others.'" *Smith v. Speligene*, 1999 OK CIV APP 95, ¶ 11, 990 P.2d 312, 315, citing *Delbrel v. Doenges Bros. Ford, Inc.*, 1996 OK 36, ¶ 8, 913 P.2d 1318, 1321 and *McCain v. Florida Power Corp.*, 593 So.2d 500, 503 (1992).

2002 OK CIV APP 107, ¶¶ 7–8, 58 P.3d 217.

The *Brown* court also discussed several prior decisions of this Court examining what duty was owed, if any, by professionals to third parties in a variety of factual settings that are distinguishable from the instant cause.[10] Particularly persuasive to the *Brown* court was the decision of the New Hampshire Supreme Court in *Morvay v. Hanover Ins. Companies*, 127 N.H. 723, 506 A.2d 333 (1986).[11]

**B. The law in Oklahoma is in accord with the majority view that an independent insurance adjuster hired by an insurer does not owe a duty of care to the insured.**

¶ 26 Sooner encourages this Court to adopt the view endorsed by the majority of other states that have considered the issue,

---

**10.** Cases discussed by the Court of Civil Appeals included: *Keel v. Titan Const. Corp.*, 1981 OK 148, 639 P.2d 1228; *Bradford Securities Processing Services, Inc. v. Plaza Bank and Trust*, 1982 OK 96, 653 P.2d 188; *Stroud v. Arthur Andersen & Co.*, 2001 OK 76, 37 P.3d 783.

**11.** *Morvay*, like the instant cause and the cause before the Court of Civil Appeals in *Brown*, concerned what duty, if any, was owed by an independent insurance investigator to an insured who was not party to its contract with the insurer. 127 N.H. at 725–726, 506 A.2d 333. The *Morvay* court first noted that investigators are under a general duty to use due care in the performance of their work. 127 N.H. at 725, 506 A.2d 333. The court then determined that it was foreseeable that negligence on the part of the investigator might harm the insured:

> In this case, Verity and Roberts were not in privity with the plaintiffs. However, they were fully aware that the plaintiffs could be harmed financially if they performed their investigation in a negligent manner and rendered a report to Hanover that would cause the company to refuse

payment to the plaintiffs. Verity and Roberts were also aware that there was a mutual duty of fair dealing between Hanover and the plaintiffs. Under these circumstances, we hold that the plaintiffs have stated a cause of action in negligence against Verity and Roberts. *See Continental Ins. Co. v. Bayless & Roberts, Inc.*, 608 P.2d 281 (Alaska 1980).

> Although the contractual relationship exists solely between the insurer and the investigators, and the investigators may give reports only to the insurer, the insured is a foreseeably affected third party. If the investigators' report indicates a fire of incendiary nature, the insured's contract with the insurer may be unenforceable. If, on the other hand, the report indicates that the fire is not of an incendiary nature, the insured may expect the contract to be honored. Both the insured and the insurer have a stake in the outcome of the investigation. Thus, we hold that the investigators owe a duty to the insured as well as to the insurer to conduct a fair and reasonable investigation of an insurance claim and that the motion to dismiss should not have been granted.

*Morvay*, 127 N.H. at 726, 506 A.2d 333.

as well as by some federal district courts in Oklahoma.[12] In the unreported case *Wallace v. Allstate Ins. Co.*, No. CIV–12–0310–HE, 2012 WL 2060664 (W.D.Okla. June 7, 2012), the United States District Court for the Western District of Oklahoma determined that under Oklahoma law an independent insurance adjuster hired by an insurer to investigate a claim does not owe a duty to the insured to conduct a fair and reasonable investigation.

¶ 27 The court in *Wallace* noted that the decision of this Court relied upon in *Brown* concerned an architect, bond counsel, and accounting firm, all of whom were highly skilled professionals who could reasonably expect third parties to rely upon their work. *Wallace*, 2012 WL 2060664, *1. The *Wallace* court correctly noted that different circumstances apply where insurance adjusters are concerned, stating:

> [i]n the context of an insurance claim, it is "[t]he insurer [that] contractually controls the responsibilities of its adjuster and retains the ultimate power to deny coverage or pay a claim. Subjecting adjusters to potential tort liability from insureds could create conflicting loyalties with respect to the adjusters' contractual obligations, given that insureds and insurers often disagree on the extent of coverage or the amount of damages." *Hamill v. Pawtucket Mut. Ins. Co.* [179 Vt. 250], 892 A.2d 226, 257 [231] (Vt.2005) (internal citation omitted).

*Wallace*, 2012 WL 2060664, *2.

Put more succinctly, " '[c]reating a separate duty from the adjuster to the insured would thrust the adjuster into what could be an irreconcilable conflict between such duty and the adjuster's contractual duty to follow the instructions of its client, the insurer.' " *Wallace*, 2012 WL 2060664, *2 (quoting *Meineke v. GAB Business Servs., Inc.*, 195 Ariz. 564, 991 P.2d 267, 271 (Az.Ct.App.1999)).

¶ 28 While the decisions of this Court relied upon by the Court of Civil Appeals in *Brown* correctly indicate that this Court does not consider lack of contractual privity a bar to the existence of a legal duty for purposes of negligence, the *Wallace* court is correct that public policy and other factors besides foreseeability counsel against imposing a legal duty to the insured with regards to negligence.[13]

---

**12.** Federal court decisions are not binding or controlling upon this Court, when construing Oklahoma law. *Johnson v. Ford Motor Co.*, 2002 OK 24, ¶ 26, 45 P.3d 86.

**13.** The court in *Wallace* repeatedly refers to "simple negligence", noting that it makes little sense to hold an adjuster liable for simple negligence when a greater magnitude of culpability is necessary to hold the insurer itself liable for violation of the duty of good faith and fair dealing. The reason for the *Wallace* court's distinction is this Court's language in *Badillo*, where we stated:

> To the extent *American Fidelity & Casualty Co. v. L.C. Jones Trucking Co.*, 321 P.2d at 687, may have implied that a simple negligence standard was approved or adopted as to the level of culpability necessary to be shown for liability to attach to an insurer for breach of the duty of good faith and fair dealing in relation to the handling of a third-party claim made against the insured, i.e., the situation involved here, that case is expressly overruled, but only to such extent. In our view, under *Christian* and later cases, the minimum level of culpability necessary for liability against an insurer to attach is more than simple negligence, but less than the reckless conduct necessary to sanction a punitive damage award against said insurer. In PART VII, *infra*, we discuss the minimum level of culpability necessary to warrant a punitive damage recovery against an insurer for breach of the duty of good faith and fair dealing.

2005 OK 48, ¶ 28, 121 P.3d 1080.

Any intense focus on the degree of negligence (Trinity alleges gross negligence, the *Wallace* court refers to "simple negligence") is misplaced. Whereas the existence of a legal duty is a question of law, the degree of negligence, which can be considered the magnitude of the breach of that duty, is a question of fact and a separate issue from whether a legal duty existed in the first place. *See Fox v. Oklahoma Memorial Hosp.*, 1989 OK 38, ¶ 7, 774 P.2d 459; *NMP Corp. v. Parametric Technology Corp.*, 958 F.Supp. 1536, 1546 (N.D.Okla.1997) ("gross negligence requires the intentional failure to perform a manifest duty in reckless disregard of the consequences or in callous indifference to the life, liberty, or property of another. Thus, gross negligence is the same as a negligence claim, differing only as to the degree."); 25 O.S.2011 § 6 (degrees of negligence defined). At issue on appeal in this cause is whether Sooner, as an independent insurance adjuster, owed a legal duty to Trinity, the insured, not the magnitude of their potential breach of such a duty.

¶ 29 The relationship between and insurer and its insured is defined and governed by the insurance policy and its accompanying implied covenant of good faith and fair dealing. *Hamill v. Pawtucket Mut. Ins. Co.*, 2005 VT 133, ¶ 13, 892 A.2d 226. *See Wathor*, 2004 OK 2, ¶¶ 6–7, 87 P.3d 559; *Christian*, 1977 OK 141, ¶ 24–25, 577 P.2d 899. This court stated pointedly in *Wathor* that this duty is non-delegable and that an insurer can be held liable for breach of the duty due to the actions of its independent contractors or agents. 2004 OK 2, n. 6, 87 P.3d 559. The Court stated:

> [a]n insurer has a non-delegable duty of good faith while performing the functions of claims management, adjustment and settlement. This duty requires the insurer to take positive steps to adequately investigate, evaluate, and respond to its insureds' claims. An insurer may employ an agent or an independent contractor to perform these functions, but this does not absolve the insurer of its own non-delegable duty. **If the agent or independent contractor fails to adequately perform the functions, the insurer is liable, not under the doctrine of *respondeat superior*, but because of its own failure to comply with its non-delegable duty of good faith.**

*Wathor*, 2004 OK 2, n. 6, 87 P.3d 559. *See also Timmons*, 1982 OK 97, ¶ 17, 653 P.2d 907 (acts of agents may be material to a determination of the existence of a breach of an insurer's duty of good faith and fair dealing).

¶ 30 Even if harm to the insured through an adjuster's negligence might be foreseeable to the adjuster, from a policy standpoint it makes little sense to hold that the adjuster has an independent duty when the insurer itself is subject to liability for the adjuster's mishandling of claims in actions alleging breach of contract and bad faith. The special relationship between the insurer and insured, and the implied duty of good faith and fair dealing on the part of the insurer, represent a unique factual departure from the decisions of this Court relied upon by the Court of Civil Appeals in *Brown*, discussed above.[14] If the insurer mishandles a claim due to the actions of its independent adjuster, the insured may be entitled to recover compensatory damages for breach of contract, or damages in tort if the insurer's actions rise to the level of bad faith.

¶ 31 The existence of a separate legal duty on the part of the adjuster in these circumstances would allow for potential double recovery, permitting the insured to recover in tort both for breach of contract or breach of the duty of good faith and fair dealing by the insurer—caused by an adjusters negligent conduct—and from the adjuster for the same conduct. In the words of the Supreme Court of Vermont in *Hamill:* "in most cases, imposing tort liability on independent adjusters would create a redundancy unjustified by the inevitable costs that eventually would be passed on to insureds." 2005 VT 133, ¶ 14, 892 A.2d 226 (citing *Sanchez v. Lindsey Morden Claims Services, Inc.*, 72 Cal.App.4th 249, 84 Cal.Rptr.2d 799, 802–03 (1999)).[15]

## V.

## DAMAGES

¶ 32 The trial court sustained Sooner's Motion for Partial Summary Judgment on the Issue of Damages. In its motion, Sooner argued that it was entitled to judgment as a matter of law because: 1) a corporation cannot maintain a claim for emotional damages; and 2) Trinity could not establish any damages as a result of an act or omission of

---

**14.** These also include, in addition to those cases already discussed, *Lockhart v. Loosen*, 1997 OK 103, 943 P.2d 1074 and *Brigance v. Velvet Dove Restaurant, Inc.*, 1986 OK 41, 725 P.2d 300, both cases that deal with foreseeability of harm and a legal duty to third parties but without the special circumstances of the insurance contract and unique relationships between an insured, insurer, and an insurer's independent adjuster. *Lockhart* involved a wife's lawsuit against her husband's lover after the wife contracted genital herpes. 1997 OK 103, ¶ 2, 943 P.2d 1074. *Brigance* involved a parent's negligence suit against a vendor of alcoholic beverages for serving an intoxicated driver who killed the parent's minor child. 1986 OK 41, ¶ 0, 725 P.2d 300.

**15.** Much like the plaintiff in *Hamill*, Trinity has already settled its claims against Brotherhood, and there is no indication the settlement is somehow inadequate to cover its losses. *See Hamill*, 2005 VT 133, n. 2, 892 A.2d 226.

Sooner or its adjuster Steve Hall. As this Court has determined that Sooner owed no legal duty to Trinity that would subject it to liability in tort, either for bad faith or negligence, Sooner is entitled to judgment as a matter of law and this Court need not address the issue of damages. *See Lowery,* 2007 OK 38, ¶ 12, 160 P.3d 959 ("The existence of a duty of care is the threshold question in any negligence action."); *Badillo v. Mid Century Ins. Co.,* 2005 OK 48, ¶ 25, 121 P.3d 1080 (noting the prima facie case for breach of the duty of good faith and fair dealing requires plaintiff establish the defendant owed them such a duty).

## CONCLUSION

¶ 33 When possible an appellate court must hand down the judgment, which in its opinion, the trial court should have rendered. *Hall v. GEO Group, Inc.,* 2014 OK 22, ¶ 17, 324 P.3d 399; *Dixon v. Bhuiyan,* 2000 OK 56, ¶ 9, 10 P.3d 888. If the trial court reached the correct result but for the wrong reasons, its judgment is not subject to reversal. *Hall,* 2014 OK 22, ¶ 17, 324 P.3d 399; *Dixon,* 2000 OK 56, ¶ 9, 10 P.3d 888; *In the Matter of the Estate of Bartlett,* 1984 OK 9, ¶ 4, 680 P.2d 369. Rather, this Court is not bound by the trial court's reasoning and may affirm the judgment below on a different legal rationale. *Hall,* 2014 OK 22, ¶ 17, 324 P.3d 399; *Dixon,* 2000 OK 56, ¶ 9, 10 P.3d 888; *McMinn v. City of Oklahoma City,* 1997 OK 154, ¶ 11, 952 P.2d 517.

¶ 34 The trial court did not err by entering summary judgment in favor of Sooner, though it did so on the basis of Sooner's damages claims rather than Sooner's assertion that it owed Trinity no legal duty. This Court determines that: 1) Sooner was not subject to the implied covenant of good faith and fair dealing arising from the insurance contract between Trinity and Brotherhood; and 2) owed Trinity no legal duty that would allow Trinity to recover in tort for any negligence in Sooner's investigation and adjustment of the claim. Accordingly, the trial court's August 4, 2014, grant of summary judgment in favor of Sooner is affirmed.

**JUDGMENT OF THE TRIAL COURT IS AFFIRMED. CAUSE DISMISSED.**

REIF, V.C.J., KAUGER, WATT, WINCHESTER, and COMBS, JJ., concur.

TAYLOR, J., concurs in result.

COLBERT, C.J., and EDMONDSON, J., concur in part and dissent in part.

GURICH, J., not participating.